UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Westvue NPL Trust,

            Plaintiff,        Case No. 16-cv-12813

v.                                     Judith E. Levy
                                     United States District Judge

Maria C. Kattula, *et al.*,

                                     Mag. Judge Anthony P. Patti

           Defendants.

_____/

## ORDER GRANTING MOTION TO INTERVENE FILED BY GREEN LAKE EQUITIES, LLC [11]

Relevant to this motion, plaintiff Westvue NPL Trust filed a complaint alleging that defendant TAJ Graphics Enterprises, LLC's interest in certain real property should be determined to be junior and subject to plaintiff's mortgage. (*See* Dkt. 1 at 14-15.)

Green Lake Equities, LLC, filed a motion to intervene on September 12, 2016, alleging that it is the successor in interest to defendant TAJ Graphics, because defendant TAJ Graphics assigned Green Lake the loans secured by defendant TAJ Graphics' mortgage. (Dkt. 11 at 2.)  Green Lake seeks to intervene as of right under Fed. R.

Civ. P. 24(a), to intervene with the Court's permission under Rule 24(b), or to substitute itself for defendant TAJ Graphics under Rule 25(c).

Plaintiff objects to Green Lake's motion, arguing that Green Lake fails to establish that it has a right to intervene, fails to show that there are common questions of law or fact for permissive intervention, and failed to show that defendant TAJ Graphics' mortgage was transferred to Green Leaf for substitution of parties. (Dkt. 12 at 17-23.)

Rule 24(a)(2) provides that "[o]n timely motion," the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013). Plaintiff does not argue that the motion is untimely, so the Court need only determine whether Green Lake has established an interest relating to property, whether disposing of the action would impair Green Lake's ability to protect its interest, and whether other defendants adequately represent Green Lake's interest.

Plaintiff argues that Green Lake "has no interest in the subject matter of the pending litigation." (Dkt. 12 at 17.) Plaintiff acknowledges the affidavit provided by Green Lake, in which the affiant declares that "TAJ assigned the TAJ loans to Green Lake." (Dkt. 12 at 17-18; *see* Dkt. 11 at 15.) But plaintiff argues that the declaration "is given in direct contradiction to previous testimony made by [the affiant] under the penalty of perjury." (Dkt. 12 at 18-19.)

But when determining whether intervention should be allowed, the court "must accept as true the non-conclusory allegations of the motion." *Lake Inv'rs Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir. 1983); *see Horrigan v. Thompson*, No. 96-4138, 1998 U.S. App. LEXIS 9506, at *5-6 (6th Cir. May 7, 1998) (quoting *Lake Inv'rs Dev. Group*, 715 F.2d at 1258). Here, even setting aside the purported factual issue, Green Lake alleged in its motion that it "is the successor in interest to TAJ, because it was assigned by TAJ the loans secured by" the mortgage that plaintiff alleges "should be determined to be junior and subject to plaintiff's mortgage." (Dkt. 11 at 2.) Thus Green Lake has sufficiently "claim[ed] an interest relating to the property or transaction that is the subject of the action." *See* Fed. R. Civ. P 24(a)(2).

3

Plaintiff also argues that Green Lake's "purported interest will not be impaired by the pending litigation." According to plaintiff, defendant TAJ Graphics' mortgage "has always been junior to [p]laintiff's mortgage interest." (Dkt. 12 at 19.) Plaintiff asserts that "the fact that [Green Lake] may have extended additional credit to TAJ" in reliance on the allegedly erroneous discharge of plaintiff's mortgage "is completely irrelevant to whether [Green Lake]'s purported [] interest in the TAJ mortgage could be impaired by the pending litigation." (*Id.* at 20.)

Plaintiff's argument has no merit. Count I of plaintiff's complaint is for declaratory relief to reinstate its mortgage, which plaintiff alleges was discharged erroneously, and plaintiff seeks to have this Court determine Green Lake's interest "to be junior and subject to" plaintiff's discharged mortgage. (*Id.* at 15.) Resolution of plaintiff's claim would directly impact Green Lake's ability to protect its interest.

Finally, plaintiff argues that Green Lake's "purported interest is adequately protected by the existing parties to the pending litigation." (*Id.* at 20.) According to plaintiff, the defendants already named have filed an answer denying the plaintiff's mortgage was erroneously

4

discharged. (*Id.* at 21.) Moreover, plaintiff notes that counsel for defendants Maria C. Kattula, Robert Kattula, and Maria C. Kattula Living Trust "is the same as that for [Green Lake]," and thus Green Lake "is adequately protected by the existing parties to the litigation." (*Id.*)

But those defendants do not have a current interest in the mortgage previously held by TAJ Graphics. And plaintiff glosses over the fact that it has a pending motion for default judgment as to defendant TAJ Graphics. (Dkt. 8.) At best, it is disingenuous to suggest that Green Lake is adequately represented regarding its interest in the mortgage it was assigned by TAJ Graphics, for which no appearance has been filed in this case, when at the same time plaintiff seeks a default judgment that the TAJ Graphics mortgage is junior to plaintiff's. (*Id.* at 7.) Green Lake has sufficiently shown that it has an interest relating to the property that is the subject of the action, that disposing of the action may impair its ability to protect its interest, and that it would otherwise not be adequately represented. Green Lake is thus entitled to intervene under Rule 24(a)(2).

Even if Green Lake were not entitled to intervene as of right, the Court would in its discretion grant Green Lake's motion for permissive intervention. "A motion for permissive intervention under Rule 24(b) is directed to the sound discretion of the district judge." *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 668 (6th Cir. 1985) (quoting *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983)). Rule 24(b) provides that the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Green Lake argues that there are common questions of law and fact as to whether plaintiff is entitled to reinstatement of its mortgage interest and enforcement of the mortgage, whether plaintiff in fact holds the mortgage, whether the discharge of the mortgage was in error, and whether Green Lake relied upon that discharge in extending credit to TAJ Graphics. (Dkt. 11 at 10-11.) Plaintiff argues that Green Lake is not a party to the mortgage plaintiff alleges was erroneously discharged and thus lacks standing to challenge whether plaintiff in fact holds the mortgage interest or whether the discharge was made in error. (*Id.* at 22.) Plaintiff also argues that the question whether Green

Lake relied upon the discharge to extend additional credit to TAJ Graphics "is not a common question of fact in the pending litigation." (*Id.*)

But as set forth above, plaintiff seeks a declaration that the mortgage previously held by TAJ Graphics is junior to plaintiff's mortgage. Plaintiff cannot seek to have such a declaration at the same time as arguing that the current holder of said mortgage lacks standing to intervene in the case.

Accordingly, Green Lake Equities, LLC's motion to intervene (Dkt. 11) is GRANTED.

IT IS SO ORDERED.

Dated: October 21, 2016            s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2016.

                                   s/Felicia M. Moses
                                   FELICIA M. MOSES
                                   Case Manager

7