UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wilmington Savings Fund Society, FSB,

    Plaintiff,

v.

Maria C. Kattula, Robert Kattula, Maria C. Kattula Living Trust Dated 10-23-95, TAJ Graphics Enterprises, LLC, United States of America, and Green Lake Equities, LLC,

    Defendants.

_____/

Case No. 16-cv-12813

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Wilmington Savings Fund, FSB brings this lawsuit seeking (1) declaratory relief in the form of reinstatement of a mortgage that was erroneously discharged, and (2) recovery of amounts due under a promissory note and foreclosure of the mortgage. (Dkt. 1 at 19, 24.) On May 10, 2018, the Court held a bench trial on this matter. The parties submitted post-trial briefs (Dkts. 41, 42, 43), and the Court now issues its decision in favor of defendants.

## I. Background

This is a dispute about a mortgage on real property situated at 4306 Brightwood Drive, Troy, Michigan 48085. Plaintiff alleges that it is the owner of the note and mortgage on the property, the mortgage is in default, and plaintiff is entitled to foreclose the mortgage in order to collect the balance due. Defendant argues that the loan in question was discharged and satisfied.

Plaintiff has the burden to demonstrate, by a preponderance of the evidence admitted at trial, that it is entitled to the relief sought.

## II. Evidence Presented at Trial

At trial, plaintiff called a single witness – Mr. Michael Surowiec, the corporate representative for the plaintiff – to provide testimony. (Dkt. 40 at 4, 26.) Surowiec is the Vice President of Capital Markets at American Mortgage Investment Partners (AMIP). (*Id.* at 26–27.) AMIP is the administrator for the assets of Wilmington Savings Fund Society, FSB, d/b/a/ Christiana Trust, the named plaintiff in this case. (*Id.* at 28.)

Surowiec testified that his specific job duties at AMIP include: running the transaction management for plaintiff's sales, conducting due diligence oversight, and appearing as the corporate witness in non-jury

trials. (*Id.* at 27.) He testified that he is "familiar with all of the assets AIMP has purchased on behalf of [plaintiff]" (*Id.* at 29) but that he was not involved in the decision to purchase the loan at issue in this case (*Id.* at 114), he did not perform the due diligence related to the purchase of the loan in this case (*Id.*), and he does not have a decision role in acquiring loans. (*Id.* at 115.)

Plaintiff relied on two types of documentation to support its claims related to the loan – certified copies of documents filed with the Oakland County Register of Deeds, and copies of records contained within AIMP's internal loan file.

Plaintiff introduced, without objection, the original promissory note for the property at 4306 Brightwood Drive, dated January 26, 2005. (Dkt. 40 at 43.) The note indicates that the borrower – Maria Kattula – promises to pay "U.S. $365,750.00 (this amount is called "Principal"), plus interest, to the order of . . . Fifth Third Mortgage – MI, LLC." (Dkt. 41-1 at 1.) The note indicates that at the time it was signed, the yearly interest rate was 6.375%, and that the fixed interest rate "will change to an adjustable interest rate on the first day of February, 2010, and the

adjustable interest rate . . . may change on that day every 12th month thereafter." (*Id.*)

Plaintiff further introduced, without objection, a copy of the mortgage, dated January 26, 2005, for the property at 4306 Brightwood Drive. (Dkt. 41-2.) The mortgage indicates that the borrowers were Maria C. Kattula and Robert Kattula as wife and husband. Surowiec testified that the mortgage secured the repayment of the accompanying note. (Dkt. 40 at 48.) Surowiec confirmed that there is nothing on the face of the promissory note or the mortgage related to plaintiff Wilmington Savings Fund. (*Id.* at 51.)

To prove the connection between the original mortgage and promissory note and Wilmington Savings Fund, plaintiff introduced a series of five documents each entitled "Assignment of Mortgage." (*Id.*) The Court inquired as to whether these documents were inadmissible hearsay. Plaintiff responded that they fell under the business records exception to the Federal Rules of Evidence, contending that they qualified because they were documents contained within the file of records purchased by AMIP in their regular course of business. Defendants argued that the documents could not properly be admitted

4

under the business records exception, but confirmed that they had no objections to their admissibility as copies of the documents on file with the Oakland County Register of Deeds. (*Id*. at 56.)

The chronological sequence of documents identifies the following assignments: (1) On August 20, 2010, the mortgage was assigned from Fifth Third Mortgage – MI, LLC to Fifth Third Mortgage Company (Dkt. 41-3 at 10); (2) On September 24, 2010, the mortgage was assigned from Fifth Third Mortgage Company to DLJ Mortgage Capital, Inc. (*Id*. at 4); (3) On July 1, 2015, the mortgage was assigned from DLJ Mortgage Capital, Inc. to Westvue NPL Trust II (*Id*. at 5.); (4) On October 14, 2015, the mortgage was assigned from Westvue NPL Trust II to Westvue NPL Trust (*Id*. at 7); and (5) on March 20, 2018, the mortgage was assigned from Westvue NPL Trust to Wilmington Savings Fund Society. (*Id*. at 1.)

Each of the Assignment of Mortgage documents identifies the mortgage as having been executed by Maria C. Kattula and Robert Kattula, wife and husband, bearing the date of January 26, 2005, recorded on February 16, 2005, and in the amount of $365,750.00.

Plaintiff attempted to admit a document entitled a "Home Affordable Modification Agreement," again under the business records

5

exception, on the basis that it was a document that was within a file purchased and maintained by AMIP, and purchasing and maintaining files was the regular business practice of AMIP. (Dkt. 40 at 70.)

Under Fed. R. Evid. 803(6), a record of an act, event, condition, opinion, or diagnosis is admissible if:

> "(a) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (b) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (c) *making* the record was a regular practice of that activity; (d) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (e) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

Fed. R. Evid. 803(6) (emphasis added). Plaintiff's attorney attempted to argue that the fact it was in the best interest of AIMP for the record to be accurate was sufficient to satisfy the purpose of the hearsay exception. (Dkt. 40 at 72.) However, the testimony was clear that the document in question was not *created* by the regular practice of purchasing and maintaining loan files, and that no one was available to testify to the conditions required by the rule. (*Id.* at 73.) The loan modification document was admitted only for the limited purpose of indicating the

6

documents on which plaintiff relied when purchasing the loan. It was not admitted for the purpose of proving the truth of the matter stated on the document itself. (Dkt. 40 at 73.)[1]

Plaintiff next attempted to admit a document entitled "Demand Loan Payoff." The document was not admitted into evidence as a business record, as plaintiff's witness was not a custodian of records for the institution that created the document. (*Id.* at 81–82.) Plaintiff also attempted to have the record admitted as documentation relied upon in the purchase of the mortgage, but because Surowiec testified that the document was created on May 3, 2018 – after the date that plaintiff purchased the mortgage in question – it was not admitted for that

---

[1] Plaintiff offered extensive testimony regarding the "due diligence" undertaken prior to making a decision to purchase a loan. (Dkt. 40 at 34–36.) To the extent the Court might otherwise be inclined to give weight to the evidence offered to demonstrate what information plaintiff relied on before purchasing the mortgage and note in question (based on the purported thoroughness of the due diligence process), it is not inclined to do so here. Although Surowiec testified that the due diligence process had uncovered the existence of the present matter (Dkt. 40 at 34), earlier communication from plaintiff's co-counsel to the Court indicated that plaintiff was unaware of the present litigation prior to acquiring the loan. (*Id.* at 52.) Furthermore, Surowiec testified that he does not make decisions to purchase loans, nor did he perform the due diligence for the loan in the present case. (*Id.* at 114–15.) Accordingly, there is no underlying factual information that the Court can glean from any documents that were admitted for the limited purpose of demonstrating what information was relied upon by plaintiff prior to purchasing the loan, as the testifying witness had no knowledge or basis from which to testify about that reliance.

purpose either. (Dkt. 40 at 79.) Finally, plaintiff attempted to introduce the information contained within the document as Surowiec's personal knowledge, based on his review of AMIP's proprietary record-keeping software. This attempt, too, was unsuccessful. Despite plaintiff's repeated invocation of the business records exception, the mere fact that the data existed within a records system accessible by plaintiff was insufficient to satisfy the requirement that a custodian or qualified witness be able to testify regarding the *making* of the record. *See* Fed. R. Evid. 803(6).

Next, plaintiff attempted to admit into evidence a pay history statement on the loan. (Dkt. 40 at 94.) Surowiec testified that the document came into AMIP's loan file from a prior servicer, but he did not know which one. (*Id.* at 94–95.) He further testified that there was nothing on the document itself that identified it as being related to the loan at issue in the case. (*Id.* at 95.) For the same reasons as have been described above, the document was not admitted into evidence under Fed. R. Evid. 803(6), but was admitted for the limited purpose of demonstrating what information plaintiff received, and what they relied upon, when making the purchase of the loan in this case. And for the

8

reasons set forth in n.1, *supra*, the Court finds no factual information from the limited purposes for which the document was admitted.

With no objections, plaintiff introduced a document entitled Discharge of Mortgage. According to the document, the January 26, 2005 mortgage issued to Maria C. Kattula and Robert Kattula was discharged on July 1, 2014, and the discharge was recorded at the Oakland County Register of Deeds on July 2, 2014. This document was among the documents in the loan file that accompanied AMIP's purchase of the mortgage in this case. According to Surowiec's testimony, the existence of this discharge of mortgage statement within AMIP's loan purchase file would create a review of why the discharge was in the record. (Dkt. 40 at 105.) Surowiec testified that other documents within the file led AMIP to conclude that the discharge of mortgage was recorded in error. (*Id.*)

Finally, plaintiff offered two additional documents certified as copies of information recorded at the Oakland County Register of Deeds. The first was a document entitled "Claim of Interest," which was filed at the Register of Deeds on October 29, 2014. The document was prepared by Theresa Woodbridge, the attorney and agent for Selene Finance, LP, the servicing agent for DLJ Mortgage Capital, Inc. The claim of interest

9

refers to the January 26, 2005 mortgage of Maria C. Kattula and Robert Kattula, and states "[u]pon information and belief, the Mortgage has not been satisfied and there remains an outstanding balance of approximately $380,422.58." (Dkt. 41-8 at 1.) The second was a document entitled Affidavit of Erroneous Discharge of Mortgage. This affidavit was prepared and signed by Randy Jones, the Vice President of Fifth Third Mortgage Company. (Dkt. 49-1 at 1.) In the affidavit, Randy Jones affirms that the January 26, 2005 mortgage of Maria C. Kattula and Robert Kattula was assigned from Fifth Third to DLJ Mortgage Capital on or about November 1, 2010. He further affirms that the discharge of mortgage executed on July 1, 2014, and recorded on July 2, 2014, was "erroneous." (*Id.* at 2.) Finally, he affirms that on the date Fifth Third assigned the mortgage to DLJ Mortgage Capital, "the amount due and owing on the Mortgage" was $370.025.80. (*Id.*)

### III. Legal Standard

Under Michigan law, the record-holder of a mortgage owns "a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness." *Residential Funding Co. v. Saurman*, 490 Mich. 909, 909 (2011). "Before receiving a

judgment of foreclosure, the mortgagee must prove that the debt exists and the amount of the debt." *31800 Wick Rd. Holdings, LLC v. Future Lodging-Airport, Inc.*, 848 F. Supp. 2d 757, 763 (E.D. Mich. 2012). Additionally, the mortgagee must make a "showing that the debt was in default." *Select Commercial Assets, LLC. V. Carrothers*, No. 326968, 2016 WL 3419018, at *3 (Mich. Ct. App. June 21, 2016), appeal denied, 500 Mich. 960 (2017).

Accordingly, plaintiff has the burden of proving, by a preponderance of the evidence, that (1) a debt exists; (2) the amount of the debt; and (3) the debt is in default.

## IV. Findings of Fact

In making a determination that plaintiff failed to satisfy its burden of proof regarding each element required in order to receive a judgment of foreclosure, the Court considers all admissible exhibits and the credible testimony of all witnesses at trial. Quite simply, plaintiff failed to present *any* admissible evidence related to the amount of the debt, and therefore, judgment in favor of defendants is required.

**a. A debt exists.**

Undisputed evidence in the record demonstrates that Maria C. Kattula and Robert Kattula borrowed money from Fifth Third Mortgage – MI, LLC, represented by a promissory note, dated January 26, 2005. (Dkt. 41-1, 41-2). Undisputed evidence further demonstrates that the mortgage was assigned – in a chain of five assignments – from Fifth Third Mortgage – MI, LLC to Fifth Third Mortgage Company, and then to DLJ Mortgage Capital, Inc., and then to WestVue NPL Trust II, and then to WestVue NPL Trust, and finally to Wilmington Savings Fund Society, FSB – the plaintiff in this case. (Dkt. 41-3.)

The parties offered conflicting testimony regarding whether the mortgage had been satisfied, but on the whole, the Court finds Randy Jones' affidavit, recorded at the Oakland County Register of Deeds, to be credible evidence that the discharge of mortgage – dated July 1, 2014 and recorded on July 2, 2014 (Dkt. 41-7) – was erroneous. Accordingly, the Court finds that a debt exists between Maria C. Kattula and Robert Kattula and plaintiff.

### b. No admissible evidence was presented to allow the court to determine the amount of the debt.

Plaintiff's attorney attempted, in a frustratingly persistent fashion, to introduce evidence regarding the outstanding amount owed on the

debt using what he stubbornly insisted were plaintiff's "business records" not subject to exclusion under the hearsay rule.[2] For all of the reasons that were explained numerous times on the record, and clarified further above, plaintiff did not provide any admissible evidence from which the Court could determine the current amount owed on the debt in question. The relevant records – almost certainly available through a subpoena to Fifth Third Bank – were not requested by either party. (Dkt. 40 at 235.) Accordingly, plaintiff failed to meet its burden of proof regarding the amount owed on the debt.

### c. No admissible evidence was presented to allow the court to determine if the debt is in default.

For the same reasons as set forth above, plaintiff introduced no admissible evidence regarding the current status of the loan in question. The Court finds, based on Randy Jones's May 21, 2015 affidavit, that there was an amount owing on the loan of $370,025.80 as of approximately November 1, 2010. (Dkt. 41-9 at 2.) However, no further

---

[2] Despite the Court's numerous attempts to clarify the proper use of Fed. R. Evid. 803(6), plaintiff's attorney appears still not to understand. This is evidenced by the fact that his updated findings of fact and conclusions of law (post-trial brief) cite to facts from exhibits that were explicitly *excluded* from admission. (*See, e.g.* Dkt. 41 at 8.) Plaintiff's attorney's obstinance regarding the admissibility of the AIMP loan file borders on frivolous and resulted in a substantial waste of judicial resources.

admissible evidence was presented to allow the Court to determine the current status of the loan in question. Plaintiff failed to meet its burden of proof regarding a showing that the loan is in default.

## V. Conclusions of Law

For the reasons set forth above, the Court finds that plaintiff failed to meet its burden of proof in order to obtain a judicial foreclosure. Accordingly, plaintiff's request for a recovery of the amounts due under the promissory note are DENIED. Judgment is granted in favor of defendants, and the case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: July 27, 2018  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2018.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager