UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wilmington Savings Fund Society, FSB,

        Plaintiff,

v.

Maria C. Kattula, Robert Kattula, Maria C. Kattula Living Trust Dated 10-23-95, TAJ Graphics Enterprises, LLC, United States of America, and Green Lake Equities, LLC,

        Defendants.

_____/

Case No. 16-cv-12813

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [72] AND GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO BE DISMISSED AS A DEFENDANT [76]**

Before the Court are Plaintiff Wilmington Savings Fund Society, FSB's motion for relief from judgment[1] (ECF No. 72) and Defendant

---

[1] Defendant United States of America asserts in its response to Plaintiff's motion for relief from judgment that the motion "was not filed in compliance with L.R. 7.1(a), as Plaintiff's counsel did not confer with counsel for the United States prior to filing the motion." (ECF No. 74, PageID.1338 n.1.) Plaintiff's motion is in violation of Local Rule 7.1(a) due to the failure to confer and because the motion does

United States of America's motion to be dismissed as a Defendant. (ECF No. 76.) The United States responded to Plaintiff's motion[2] (ECF No. 74), and Plaintiff replied. (ECF No. 75.) No party responded to the United States' motion. For the reasons set forth below, Plaintiff's motion is denied, and the United States' motion is granted.

---

not contain a statement on concurrence. *See* E.D. Mich. LR 7.1(a). Plaintiff did not remedy this defect even after it was identified by the United States. Under Local Rule 7.1(a)(3), the Court "may impose sanctions . . . for violating this rule, which may include taxing costs and attorney's fees, denying the motion, and striking the filing." E.D. Mich. LR 7.1(a)(3). The Court will not impose sanctions at this time. But Plaintiff is warned about the possibility of sanctions if it does not comply with Local Rule 7.1(a) in the future.

[2] After the United States filed its motion to be dismissed as a Defendant (ECF No. 76), Defendants Maria C. Kattula, Robert Kattula, and Maria C. Kattula Living Trust Dated 10-23-95 filed a response to Plaintiff's motion for relief from judgment "in light of the United States of America's motion." (ECF No. 77 at PageID.1372.) The Kattula Defendants indicate in their response that they "had been relying on" the United States' response to Plaintiff's motion (ECF No. 74), "which presumably will be deemed withdrawn once the United States is allowed to withdraw." (ECF No. 77, PageID.1372.) As Plaintiff notes, the Kattula Defendants' "brief is almost identical to the response brief filed by the United States." (ECF No. 79, PageID.1393.) Defendant Green Lake Equities, LLC filed a separate response (ECF No. 78) stating that it concurs with the Kattula Defendants' response. Plaintiff argues that the responses filed by the Kattula Defendants and Green Lake Equities, LLC are untimely, and therefore, the Court should not consider them. (ECF No. 79.) The Court considers the United States' response in resolving Plaintiff's motion, given that the United States has not yet been dismissed from the case. As a result, it is unnecessary for the Court to consider the other responses. Even if it did, the Court's decision on Plaintiff's motion would be the same.

I.  **Plaintiff's Motion for Relief from Judgment (ECF No. 72)**

Plaintiff filed its motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). Plaintiff asks that the Court "(1) set aside the portion of the judgment dismissing [Plaintiff's] declaratory judgment count on the merits and (2) order supplemental briefing on the merits of [Plaintiff's] declaratory judgment count." (ECF No. 72, PageID.1329; ECF No. 75, PageID.1363.) The United States opposes the motion. (ECF No. 74.)

Rule 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[A] motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court." 11 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2857 (3d ed. 2025); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 683 (6th Cir. 1999) ("It is well settled that the [ruling on] a motion to set aside judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court." (alteration in original) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993))). "A district court's denial

of a Rule 60(b)(1) motion is reviewed for abuse of discretion." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983)).

> Plaintiff argues that it is entitled to relief under Rule 60(b)(1)
>
> based on its mistake, inadvertence, or excusable neglect in failing to brief the merits of its declaratory judgment count [in its post-remand supplemental brief]. Fed. R. Civ. P. 60(b)(1) allows this Court to fix this very error. [Plaintiff] mistakenly understood this Court's order as requesting briefing on jurisdiction, alone. Based on the language of the order, as well as the Sixth Circuit's opinion indicating that this Court would first have to confirm jurisdiction before a determination on the merits, [Plaintiff] believed it would have the opportunity to litigate the merits of the declaratory judgment count at a later point. That mistake was excusable.

(ECF No. 72, PageID.1319–1320; *see id.* at PageID.1321–1323.)

> The Sixth Circuit has stated that
>
> [i]n deciding whether relief [under Rule 60(b)(1)] is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. [*United Coin Meter*, 705 F.2d at 845]. Culpability is "framed" by the specific language of the rule; *i.e.*, a party demonstrates a lack of culpability by demonstrating "mistake, inadvertence, surprise, or excusable neglect." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). And because Rule 60(b)(1) "mandates" such a demonstration, "[i]t is only when the [party

4

> seeking relief] can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the [other party]."[3] *Id.*; *see also Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (a party seeking relief "must demonstrate first and foremost that the default did not result from his culpable conduct").

*Williams*, 346 F.3d at 612–13 (first three alterations added). "Rule 60(b) does not afford defeated litigants a second chance to convince the court

---

[3] In its motion, Plaintiff argues that the three factors listed above apply. (ECF No. 72, PageID.1320; *see* ECF No. 75, PageID.1358.) The United States disputes that they apply. The United States asserts that "these factors only apply when courts are faced with default judgments, not when the court's decision is based on the merits of the action." (ECF No. 74, PageID.1343 (citing *Rice v. Consol. Rail Corp.*, 67 F.3d 300 (Table), at *6 (6th Cir. 1995); *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 607 (6th Cir. 1992); *Bruegger's Enters., Inc. v. Middleburg Towne Square Ltd. P'ship*, 233 F.R.D. 504, 507 (N.D. Ohio 2005)).) The United States nevertheless addresses the factors in its response. (*Id.* at PageID.1343–1350.)

The Sixth Circuit has applied the factors at issue to non-default-judgment cases that post-date the Sixth Circuit cases cited by the United States. *See Williams v. Meyer*, 346 F.3d 607, 609, 612, 613, 613 n.4 (6th Cir. 2003) (habeas case in which the district court accepted a report and recommendation and denied a petition for habeas relief); *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012) (Age Discrimination in Employment Act (ADEA) case in which the district court considered the merits of the plaintiff's ADEA claim in granting summary judgment to the defendant). Because the parties discuss the factors in their filings, and because the Sixth Circuit has applied the factors to non-default-judgment cases, the Court considers them here. Given that the analysis of the first factor on culpability "is 'framed' by the specific language" of Rule 60(b)(1), *Williams*, 346 F.3d at 613 (internal citation omitted), the Court would undertake this analysis regardless of whether it was applying the three factors identified above.

5

to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

Plaintiff's Rule 60(b)(1) motion fails. Plaintiff does not demonstrate a lack of culpability. It does not show mistake, inadvertence, surprise, or excusable neglect. "[C]ourts have found that Rule 60(b)(1) does not afford relief from judgment" in "cases in which the alleged 'mistake' was the attorney's misinterpretation of the law or a strategy decision." *FHC Equities, L.L.C.*, 188 F.3d at 685 (collecting cases); *see id.* at 687 ("The district court did not abuse its discretion in refusing to rule that the attorney's misinterpretation of the rules was a 'mistake' within Rule 60(b)."). Thus, "attorney error or strategic miscalculation is not a sufficient basis for reopening a final judgment under . . . Rule [60]." *King v. United States*, No. 24-1900, 2025 WL 1904458, at *4 (6th Cir. July 10, 2025); *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 593 (6th Cir. 2002) (concluding that the plaintiffs' "claims of attorney error and legal malpractice foreclose[d] an award of relief under Rule 60(b)(1)"); *In re Salem Mortg. Co.*, 791 F.2d 456, 459 (6th Cir. 1986)

6

("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." (quoting *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977))); *Peake v. First Nat. Bank & Tr. Co. of Marquette*, 101 F.R.D. 544, 546–47 (W.D. Mich. 1984) ("[A]ttorney error [wa]s not 'excusable neglect'" under Rule 60(b)(1) in a case involving a "conscious decision" by an attorney "based upon ignorance of the law" in which there were "[n]o errors by outside parties, such as court clerks."); 11 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2858 (3d ed. 2025) ("Ignorance of the rules is not enough to support relief from a judgment, nor is ignorance of the law." (footnote omitted)). "[T]he uniform decisions of th[e Sixth Circuit] and other circuits establish that [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *McCurry ex rel. Turner*, 298 F.3d at 595.

In *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683–87 (6th Cir. 1999), the Sixth Circuit recognized that

> neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment.

7

> There, [the court] considered whether the plaintiff could invoke Rule 60(b)(1) to overcome its untimely filing of a notice of appeal. The plaintiff attributed this failure to its counsel's mistaken interpretation of the relevant Federal Rules of Civil Procedure, and argued that this constituted "inadvertence, mistake, or surprise" within the meaning of Rule 60(b)(1). *FHC Equities*, 188 F.3d at 683.

*McCurry ex rel. Turner*, 298 F.3d at 593. The Sixth Circuit "concluded that the attorney's misinterpretation of the rules . . . did not 'constitute[ ] "mistake" justifying the setting aside of a judgment under Rule 60(b) to permit a second bite at the appeal apple.'" *Id.* at 593–94 (quoting *FHC Equities*, 188 F.3d at 687). In contrast, the Sixth Circuit determined in *Williams v. Meyer* that the "failure to timely file objections [to a report and recommendation] was the result of 'excusable neglect,' not culpable conduct," in part because the "reasons for needing additional time" involved "events [that] were mostly or entirely beyond counsel's control, and there [wa]s no evidence that any of the claimed reasons were false or frivolous." 346 F.3d at 614. The court noted that "[i]n both the second motion for an enlargement of time [to file objections] and the motion for relief from judgment, [the plaintiff] cited a number of reasons for needing additional time, including illness, preexisting professional obligations, the Supreme Court's grant of *certiorari* in *Kansas v. Crane*, the

complexity of the issues, the magnitude of the record, and the magistrate's reliance on caselaw from other jurisdictions." *Williams*, 346 F.3d at 614.

Here, Plaintiff's counsel's misinterpretation of the Court's order does not entitle Plaintiff to relief. Like the misinterpretations of rules or laws by attorneys in the cases referenced above, Plaintiff's counsel's misinterpretation of the Court's order does not constitute a mistake or excusable neglect under Rule 60(b)(1). Unlike in *Williams*, where there was a finding of excusable neglect, this case does not involve circumstances beyond counsel's control such as "illness" and "preexisting professional obligations." *Id*. Plaintiff's counsel identifies no such circumstances here.

In this case, Plaintiff's counsel made a deliberate and conscious decision to proceed the way he did based on his interpretation of the Court's order. That he misunderstood the order does not justify relief under Rule 60(b)(1). Plaintiff argues that the case "is similar to *In re Salem* [*Mortg. Co.*, 791 F.2d 456 (6th Cir. 1986),] in that [Plaintiff] also submitted a brief on a mistake [sic] belief about the scope of the issues to be determined." (ECF No. 75, PageID.1362.) But *In re Salem Mortg. Co.*

9

is distinguishable from this case. In that case, an "attorney made a mistake [in preparation for trial] in signing [a] Stipulation of Facts limiting [the client's] defense to 11 U.S.C. § 547(c)(2)." *In re Salem Mortg. Co.*, 791 F.2d at 458. On the same date the stipulation was filed, the attorney filed a brief that "addressed defenses under § 547(c)(1) and (4)." *In re Salem Mortg. Co.*, 791 F.2d at 457. The Sixth Circuit "h[e]ld that the bankruptcy court abused its discretion in denying" a motion for relief under Rule 60(b) filed by the attorney's client. *Id.* at 460. The Sixth Circuit determined that it did

> not have a situation where [the client's] counsel made a deliberate choice to rely on one legal theory and, having been unsuccessful, now seeks to be relieved of the consequences of that conscious decision. Rather, the fact that [the client's] brief addressed different issues than the one stipulated to indicates that her counsel inadvertently limited her defenses by signing the stipulation without first reviewing the changes made by the trustee's counsel.

*Id.* at 459. The Sixth Circuit indicated that in finding an abuse of discretion by the bankruptcy court, the Sixth Circuit did

> not endorse a liberal application of Rule 60(b) where counsel has failed to carefully review pleadings, motions or other documents filed with the court. The distinguishing factor in the instant case is that the court had before it [the] brief

10

> addressing defenses under § 547(c)(1) and (4), which obviously contradicted the issue set forth in the Stipulation of Facts.

*Id.* at 460. In this case, however, there is no filing submitted by Plaintiff that "obviously contradict[s]" the issues addressed in its post-remand supplemental brief. *Id.* Moreover, unlike *In re Salem Mortg. Co.*, this case does not involve a situation in which Plaintiff's counsel signed a document without carefully reviewing it beforehand. The Court therefore disagrees with Plaintiff that "the same result should follow" here as in *In re Salem Mortg. Co.* due to the similarities between the two cases. (*See* ECF No. 75, PageID.1362.)

Furthermore, the Court notes that at no point did Plaintiff indicate to the Court that it expected an opportunity to brief the merits of its declaratory-judgment claim at a later time. Plaintiff did not request permission to file a separate supplemental brief on that issue. In addition, Plaintiff did not file a motion for an extended page limit to "mak[e] substantive legal argument regarding the merits of the declaratory judgment count" in its post-remand supplemental brief. (ECF No. 72, PageID.1319.) As asserted by the United States, "Plaintiff has not been denied an opportunity to argue the merits of its declaratory judgment claim at any stage. It had the opportunity to do so in its oral

11

motion for summary judgment (which was denied), at trial, in post-trial briefing, and in its post-trial Rule 59 Motion." (ECF No. 74, PageID.1346.) "Plaintiff has had myriad chances, before, during, and after trial, to make its legal argument to the Court and not being given yet another chance to do so is not grounds for relief from the Court's judgment dismissing [Plaintiff's] declaratory judgment claim." (*Id.* at PageID.1339.) Wright and Miller states that "[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." 11 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2857 (3d ed. 2025). Here, the Court conducted a full trial on the merits in May 2018. Plaintiff's counsel elected—following Plaintiff's post-trial filings and appeal as well as the Sixth Circuit's remand of the case—to not brief the merits as fully as he ultimately intended as part of his litigation strategy. This conscious and deliberate decision does not establish mistake or excusable neglect under Rule 60(b)(1) in light of the cases referenced above.

In sum, Plaintiff does not demonstrate "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). It therefore does not

12

show a lack of culpability. As a result, there is no need for the Court to review the remaining factors involving prejudice and the merits of the claim. *See Williams*, 346 F.3d at 613; *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012) ("A party seeking relief [under Rule 60(b)(1)] must first demonstrate a lack of culpability before the court examines the remaining two factors." (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011))). Accordingly, Plaintiff's motion for relief from judgment is DENIED.[4]

## II. United States' Motion to be Dismissed as a Defendant (ECF No. 76)

As noted, the United States filed a motion to be dismissed as a Defendant. (ECF No. 76.) The United States seeks dismissal under Federal Rule of Civil Procedure 21 because it "no longer has any interest in the property" at issue in the case. (*Id.* at PageID.1365–1366, 1369.) According to the United States, it and "the taxpayers reached a settlement which, in exchange for certain payments which the United

---

[4] The United States' response to Plaintiff's motion for relief from judgment states that "if the Court is inclined to grant Plaintiff's motion, the United States would ask that it reconsider its decision on the *Grand Trunk* factors and leave the dismissal of Plaintiff's declaratory judgment count in place on that alternative basis." (ECF No. 74, PageID.1340.) Because the Court denies Plaintiff's motion, the government's request is moot.

13

States has received, now requires the IRS to discharge the subject real property from the federal tax liens and to release the corresponding judgment liens." (*Id.* at PageID.1369.) The United States indicates that "[c]ounsel for Plaintiff Wilmington Savings Fund Society, FSB consents to the United States' motion, and counsel representing Defendants Maria C. Kattula, Robert Kattula, the Maria Kattula Living Trust, and Green Lake Equities, LLC, consents to the United States' Motion." (*Id.* at PageID.1365.) Defendant TAJ Graphics Enterprises, LLC has expressed no opposition to the motion.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The grant or denial of a motion to bring in or to drop a party lies in the discretion of the judge." 7 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 1688 (3d ed. 2025). "[T]he court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action." 7 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 1688.1 (3d ed. 2025) (footnote omitted).

Here, there is no indication that granting the United States' motion will delay the case or prejudice the other parties. The United States asserts that it

> is not an indispensable party. It no longer has an interest in the property and is in the process of discharging the subject property from the federal tax liens. Its participation in this case is not necessary for the Plaintiff to obtain the only relief which it can receive after the dismissal of its foreclosure count with prejudice, the declaratory judgment reinstating its mortgage . . . . There would also be no prejudice to the non-moving parties, which can continue whatever litigation remains without the United States. *See Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015) (adopting report and party can be dropped from the case unless nonmoving party would suffer "plain legal prejudice."). Thus, there is no reason for the Court to require the United States to remain a party to this litigation.

(ECF No. 76, PageID.1369–1370.) Defendants, who do not oppose the United States' motion, do not show otherwise. Accordingly, the United States' motion to be dismissed as a Defendant (ECF No. 76) is GRANTED.

IT IS SO ORDERED.

Dated: August 12, 2025　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

15

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2025.

                                              <u>s/William Barkholz</u>
                                              WILLIAM BARKHOLZ
                                              Case Manager